Filed 10/9/23  P. v. Hendrix CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096994 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09531) |
| v. | |
| MARCELL HENDRIX, | |
| Defendant and Appellant. | |

Defendant Marcell Hendrix appeals from the denial of his postconviction petition for relief under Penal Code section 1172.6.[1]  Counsel for defendant filed a brief seeking our independent review under *People v. Wende* (1979) 25 Cal.3d 436 and *People v.*

---

[1]     Further undesignated statutory references are to the Penal Code.

Defendant filed his petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in the text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute by its current section number.

*Delgadillo* (2022) 14 Cal.5th 216 to determine whether there are any arguable issues on appeal. Defendant also filed a supplemental brief in propria persona. Disagreeing with defendant's claim of error, we will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of attempted murder (§§ 664/187, subd. (a)) and one count of infliction of corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)), and found true several enhancements. The trial court found a prior strike allegation true and sentenced defendant to a total term of 29 years.

On April 1, 2022, defendant filed a petition for resentencing under section 1172.6, alleging he was convicted on a now-invalid theory. The prosecutor filed a response, arguing the jury instructions at defendant's trial did not include an instruction on the natural and probable consequences doctrine, and instead required the jury to find defendant had the intent to kill to find defendant guilty of attempted murder. The prosecutor attached the jury instructions to the response, including the attempted murder instruction under CALCRIM No. 600.

On September 13, 2022, the trial court denied defendant's petition by written order, stating the attempted murder instruction "required the jury to find [defendant] 'intended to kill a person' in order to find him guilty" and the "jury was not instructed on felony murder (CALCRIM 540A, 540B) or the natural and probable consequences doctrine (CALCRIM 402, 403)."

DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental brief]," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) We proceed accordingly.

In his supplemental brief, defendant challenges the trial court's order denying his section 1172.6 petition, stating "a review of the actual trial transcripts of the entire jury trial will only reveal whether what is demanded within [section] 1172.6 has occurred." He also contends the "[s]pecific intent to kill is equal to imputed malice." We disagree.

Trial courts are permitted to review the record of conviction at the section 1172.6 prima facie stage to determine whether a petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972.) The record of conviction includes the jury instructions provided at the petitioner's trial. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].) And we must presume the jury followed its instructions. (*People v. McKinnon* (2011) 52 Cal.4th 610, 670.)

Section 1172.6 permits resentencing of attempted murder convictions only if the person was convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) The jury in defendant's trial was not given a natural and probable consequence instruction, and instead was required to find defendant personally harbored the intent to kill to find him guilty of attempted murder. (See CALCRIM No. 600.) This finding renders him ineligible for relief under section 1172.6 as a matter of law, and the trial court properly denied defendant's petition on this basis. (See *People v. Harden, supra*, 81 Cal.App.5th at p. 52.)

DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

                                                   /s/
                                              EARL, P. J.

We concur:

      /s/
RENNER, J.

      /s/
MESIWALA, J.